IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARLOS LINDSEY,

               Plaintiff,

v.

GARY BOUGHTON, MARK KARTMAN,
LEBBREUS BROWN, CATHY JESS, and
STEPHEN SCHNIEDER,

               Defendants.[1]

OPINION and ORDER

19-cv-885-jdp

---

      Pro se plaintiff Carlos Lindsey, a prisoner at Wisconsin Secure Prison Facility, has filed a complaint under 42 U.S.C. § 1983. He alleges that defendants Warden Gary Boughton, Security Director Mark Kartman, Unit Supervisor Lebbreus Brown, and Correctional Sergeant Stephen Schnieder are putting him in danger by placing him in group recreation with other inmates who wish to harm him. In addition to his complaint, Lindsey has moved for injunctive relief, Dkt. 2, and expedited screening of his complaint, Dkt. 9.

      Last year, I barred Lindsey from filing most types of cases in this court because of his filing of false and unauthorized documents. *Lindsey v. Johnston*, No. 18-cv-398, Dkt. 47 (W.D. Wis. Dec. 17, 2018). Under this sanction, Lindsey may proceed only on a complaint alleging that he is in imminent danger of serious physical harm. *Id.* Lindsey doesn't make such an allegation, so I will dismiss his complaint and deny his motions as moot.

---

[1] Although Lindsey doesn't name Schnieder as a defendant in the caption of his complaint, he names him as a defendant in the complaint's body, so I have adjusted the caption accordingly.

ALLEGATIONS OF FACT

The following facts are drawn from Lindsey's complaint, Dkt. 8, and from his motion to expedite screening, Dkt. 9. I accept them as true for the purposes of considering Lindsey's complaint under his filing bar.

Lindsey has been on administrative confinement, a form of segregation, for the seven years he has been incarcerated at WSPF. Prison officials place inmates in administrative confinement if they consider the inmate to endanger the physical safety of staff or other inmates or to threaten the secure and orderly operation of the prison. Inmates on administrative confinement can return to the prison's general population by progressing through the phases of a program called PACE. Inmates such as Lindsey who are at lower PACE phases may engage in group recreation with other inmates if they wish to. But to be in phases two and higher, inmates must participate in group recreation.

Inmates in the highest phases of PACE can participate in group recreation without restraints. This practice has increased the frequency of altercations among inmates, particularly stabbings.

Lindsey says that defendants Boughton, Kartman, Brown, and Schnieder have been "intentionally setting inmates up into cage boxing matches with other inmates" on administrative confinement. Dkt. 8, at 4. I take Lindsey to be saying that defendants are intentionally scheduling inmates together for group recreation knowing that these inmates are likely to fight one another. Specifically, Lindsey says that Schnieder intentionally scheduled Lindsey for group recreation with a fellow inmate, Theraron Wells, who Schnieder knew had previously assaulted Lindsey. Wells assaulted Lindsey again during their shared group

recreation session, but Schnieder didn't intervene, even though he could observe the recreation area via closed-circuit television.

Other inmates on administrative confinement have told Lindsey that they will attack him during group recreation when they get the chance. Lindsey recently asked Kartman to separate him from four such inmates, but Kartman refused. Unnamed prison staff have told Lindsey that because of an ongoing conflict between Lindsey and prison staff, they will arrange for him to be assaulted by other inmates.

Lindsey will soon be reviewed for promotion to phase two of PACE, in which inmates are required to participate in group recreation. He says this will lead to him being assaulted. He seeks money damages against the defendants and an injunction barring the prison from allowing inmates in administrative confinement to attend recreation without restraints.

ANALYSIS

The requirements of Lindsey's filing bar are based on the Prison Litigation Reform Act, which prevents inmates with three "strikes" from filing in forma pauperis unless they allege "imminent danger of serious physical injury," 28 U.S.C. § 1915(g). This standard requires allegations of a real and proximate threat. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The exception provides "an escape hatch for genuine emergencies" in situations "where time is pressing." *Id.*

Lindsey's complaint doesn't meet this standard. His allegation that Schneider intentionally scheduled him for group recreation with Wells only involves a past harm, not imminent danger. His only allegations involving future danger are those regarding PACE phase two's group recreation requirements. He says that he may soon be approved for promotion into

3

this phase and that this will put him in danger of assault. But he doesn't say that he can't remain in his current phase, in which he wouldn't be required to participate in group recreation. So Lindsey has a choice—avoid the risks of group recreation by declining promotion into phase two or accept those risks by accepting promotion.

Lindsey can choose to avoid the danger he alleges, so that danger isn't imminent. *See Malone v. Ill. Dep't of Corr.*, No. 17-cv-935, 2017 WL 5999478, at *4 (S.D. Ill. Dec. 4, 2017) (plaintiff who could have accepted placement in solitary confinement to avoid alleged harm caused by cell overcrowding didn't allege imminent danger); *Williams v. Capps*, No. 15-cv-708, 2015 WL 4498775, at *3 (S.D. Ill. July 23, 2015) (plaintiff refusing to eat prison food he feared contained psychiatric medication didn't allege imminent danger); *Dye v. Bartow*, No. 09-C-660, 2009 WL 10699919, at *2 (E.D. Wis. Oct. 23, 2009) (plaintiff with phobia of public eating who challenged prison's refusal to allow him to eat meals in his cell didn't allege imminent danger because he could have eaten alone by remaining in segregation). Because Lindsey hasn't alleged an imminent danger, I will dismiss this case under his filing bar and deny his motions as moot.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for Plaintiff Carlos Lindsey's failure to allege that he is in imminent danger of serious physical harm as required by the sanction issued in *Lindsey v. Johnston*, No. 18-cv-398, Dkt. 47 (W.D. Wis. Dec. 17, 2018).

2. Lindsey's motions for injunctive relief, Dkt. 2, and for expedited screening of his complaint, Dkt. 9, are DENIED as moot.

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered November 12, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge