IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARLOS LINDSEY,

                Plaintiff,

  v.                                  ORDER

GARY BOUGHTON, MARK KARTMAN,        19-cv-885-jdp
LEBBREUS BROWN, CATHY JESS, and        Appeal No. 19-3311
STEPHEN SCHNIEDER,

                Defendants.

---

Pro se plaintiff Carlos Lindsey brought claims alleging that several officials of Wisconsin Secure Program Facility are putting him in danger by placing him in group recreation with other inmates who wish to harm him. Dkt. 1. I dismissed Lindsey's case, Dkt. 12, and Lindsey filed a notice of appeal, Dkt. 17. He requests leave to proceed in forma pauperis on appeal. Dkt. 15.

A district court may deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 if the litigant hasn't established indigence, if the appeal is taken in bad faith, or if the litigant is a prisoner and has incurred strikes "on 3 or more prior occasions," 28 U.S.C. § 1915(a), (g); *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998). Lindsey has established his indigence. And although Lindsey has incurred three strikes, he incurred only two of those strikes prior to filing his notice of appeal on November 21, 2019. *See Lindsey v. Mason*, No. 14-cv-130, Dkt. 9 (E.D. Wis. Sept. 5, 2014); *Lindsey v. Sweeney*, No. 16-cv-822, Dkt. 12 (E.D. Wis. Aug. 23, 2016); *Lindsey v. Waterman*, No. 19-cv-180, Dkt. 8 (W.D. Wis. Dec. 3, 2019). Because Lindsey incurred his third strike after filing this appeal, it won't prevent him from proceeding in forma pauperis on appeal.

This leaves the question of whether Lindsey's appeal is in bad faith. This requires me to ask whether any reasonable person could find that his appeal has any merit. *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). I dismissed Lindsey's case under the terms of a filing bar I implemented against him in a previous case, *Lindsey v. Johnston*, No. 18-cv-398, 2018 WL 66062417 (W.D. Wis. Dec. 17, 2018). Under the terms of his filing bar, Lindsey can proceed only on a complaint that alleges that he is in imminent danger of serious physical harm. *Id.* In his complaint, Lindsey alleged that he was being held in segregation and that to return to the prison's general population, he would have to participate in group recreation with unrestrained inmates who wished to harm him. In dismissing his case, I concluded that Lindsey didn't allege that he was in imminent danger because he could choose to avoid the harm he alleged by remaining in segregation. I will give Lindsey the benefit of the doubt and state that reasonable jurists might debate this conclusion. So I will certify that his appeal is taken in good faith, making him eligible to proceed in forma pauperis.

Under 28 U.S.C. § 1915(b)(1)–(2), indigent inmates are required to pay the full amount of the $505 docketing fee for a notice of appeal in increments, starting with an initial partial payment. The initial partial payment is equal to 20 percent of either the average monthly deposits to Lindsey's inmate trust fund account or the average monthly balance in that account for the previous six months, whichever is greater. 28 U.S.C. § 1915(b)(1). Based on Lindsey's inmate trust fund account statement, his initial partial payment will be $0.90. He will have a short time to submit that payment. If the balance in Lindsey's regular account is insufficient to make the initial partial appeal payment, Lindsey will have to arrange with prison authorities to pay some or all of the fee from his release account. He must then pay the remainder of the docketing fee in monthly installments in accordance with 28 U.S.C. § 1915(b)(2).

ORDER

IT IS ORDERED that:

1. Plaintiff Carlos Lindsey's request for leave to proceed in forma pauperis on appeal, Dkt. 15, is GRANTED. The court certifies that Lindsey's notice of appeal is not taken in bad faith for purposes of Fed. R. App. P. 24(a)(3).

2. Lindsey may have until December 31, 2019, to submit a check or money order made payable to the clerk of court in the amount of $0.90. If Lindsey fails to pay the initial partial payment or show cause for failure to do so by this date, I will advise the court of appeals of his noncompliance in making this payment so that it may take whatever steps it deems appropriate with respect to this appeal.

3. The clerk of court is requested to ensure that the court's financial records reflect Lindsey's obligation to pay the $0.90 initial partial payment and the $505 appeal fee for this case.

Entered December 10, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge